# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

v.

Mohamed Salah Hussein,

          Defendant.

Crim. No. 20-75 (ADM/BRT)

**ORDER**

---

David P. Steinkamp, Esq., and Justin A. Wesley, Esq., Assistant United States Attorneys, counsel for Plaintiff.

Kevin W. DeVore, Esq., DeVore Law Office, P.A., counsel for Defendant.

---

This matter is before the Court on Defendant Mohamed Salah Hussein's pretrial motions. Based on the file and documents contained therein, the Court makes the following Order:

**1.     Defendant's Motion for Disclosure of *Brady* Materials.** Defendant moves the Court for an order compelling the Government to disclose evidence favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government represents that it is aware of its obligations under *Brady* and *Giglio*, and agrees to provide such information to the extent required by *Brady*, *Giglio*, and their progeny. The Government objects to Defendant's motion to the extent the requests are overbroad or seeks material whose

discovery is not authorized by *Brady*, and is in some cases prohibited, such as reports of witness interviews.

Regarding impeaching material that must be disclosed under *Giglio*, the Government agrees to provide a copy of the criminal records, where applicable, of its witnesses, five days before trial if Defendant agrees to reciprocate. The Government also agrees to provide Defendant in advance of trial promises or agreements between the government and its witnesses, if any exist. The Government represents that it will not provide such materials with respect to persons who will not be called as witnesses because such a request is beyond the scope of *Brady* and the rules of discovery.

Defendant's Pretrial Motion for Disclosure of *Brady* Materials **(Doc. No. 25)** is **GRANTED** to the extent that the Government must continue to comply with its disclosure obligations under *Brady*, *Giglio*, and their progeny.

2.   **Defendant's Motion for Disclosure of Rule 404(b) Evidence.** Defendant moves for disclosure of any evidence the Government intends to offer at trial pursuant to Fed. R. Evid. 404(b). The Government agrees to provide notice of any Rule 404(b) evidence it intends to use at trial no later than two weeks prior to trial, to the extent it has not already been disclosed. Defendant's Motion for Pretrial Disclosure of Rule 404 Evidence **(Doc. No. 26)** is **GRANTED** to the extent that the Government must disclose any evidence subject to Fed. R. Evid. 404(b) at least **fourteen days** before trial.

3.   **Defendant's Motion for Disclosure of Expert Under Rule 16(a)(1)(G).** Defendant moves the Court for an order directing the Government to provide a written summary of any expert testimony the Government intends to use in this matter pursuant

to Rule 16(a)(1)(G). The Government represents that it intends to call expert witnesses from the BCA to testify regarding the testing of DNA evidence and the chemical composition and weight of seized controlled substances, and agrees to provide all expert disclosures no later than two weeks before trial. Defendant's Motion for Disclosure of Expert Under Rule 16(a)(1)(G) **(Doc. No. 27)** is **GRANTED** to the extent that the Government must provide its expert-witness disclosures at least **fourteen days** before trial.

4. **Defendant's Motion for Early Disclosure of Jencks Act Materials.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, specifically requesting disclosure at least two weeks prior to the commencement of trial. The Jencks Act generally provides that the Government may not be compelled to disclose witness statements and reports prior to presentation of the witness' testimony at trial. Because the statute plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Materials **(Doc. No. 28)** is **DENIED**. However, nothing in this Order precludes the Government from making Jencks Act material available to Defendant five days prior to trial as it has represented that it would so long as Defendant agrees to reciprocate.

5. **Defendant's Motion for Government to Provide Grand Jury Testimony of Witnesses.** Defendant moves the Court for an order requiring the Government to

provide the Grand Jury testimony of any witnesses who will testify at the suppression hearing or trial. The Government represents that it is aware of its obligations pursuant to Rule 26.2 and agrees to provide the prior statement of any witness that relates to the subject matter of the witness's testimony at the suppression hearing, including Grand Jury testimony, and requests this motion be denied as moot. Defendant's Motion for Government to Provide Grand Jury Testimony of Witnesses **(Doc. No. 29)** is **GRANTED** to the extent disclosure is required by Rule 26.2.

6. **Defendant's Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring any agent, including any confidential reliable informant, to retain and preserve rough notes taken as a part of their investigation. The Government does not object to the motion, but requests it be denied as moot. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 30)** is **GRANTED** to the extent that agents retained such records and evidence while investigating Defendant. Disclosure of rough notes is not required by this Order.

7. **Defendant filed a Motion to Suppress Evidence Obtained as a Result of Search and Seizure – Multiple Warrants (Doc. No. 31) and an Amended Motion to Suppress Evidence Obtained as a Result of Search and Seizure – Multiple Warrants (Doc. No. 40).** At a hearing held on July 23, 2020 (*see* Doc. No. 44, Hr'g Mins.), Defendant withdrew his original Motion to Suppress filed on June 8, 2020 (Doc. No. 31). Defendant's counsel also narrowed his Amended Motion to the following:

> **Search Warrant for Black Colored 2012 Toyota Camry** MN LIC: DJM183; VIN: 4T1BF1FK6CU624481 (Bates No. 00003850–00003852) issued by a Judge of District Court of Scott County on November 2, 2019,

4

was issued without a sufficient showing of probable cause in the supporting application (Bates Nos. 00003845–00003849). The Government opposes Defendant's Amended Motion.

(Doc. No. 40, Am. Mot. to Suppress 1.) The documents identified above were submitted electronically (due to COVID-19) as Government's Exhibit 1 without objection by Defendant.

The Court requests post-hearing briefing on Defendant's Amended Motion. Defendant's counsel requested an August 31, 2020 date for Defendant's post-hearing brief due to another case pending in August. The Court granted counsel's request and Defendant's post-hearing brief is due no later than **August 31, 2020**. The Government shall file its response by **September 8, 2020**. The Court will take Defendant's Amended Motion to Suppress Evidence Obtained as a Result of Search and Seizure-Multiple Warrants **(Doc. No. 40)** under advisement on **September 8, 2020**, and issue a **Report and Recommendation** to the District Court.

   **8.**   The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Ann D. Montgomery.

Date:  July 24, 2020

                                            *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge