UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Mohamed Salah Hussein,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 20-75 ADM/BRT

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Kevin W. DeVore, Esq., DeVore Law Office, P.A., Woodbury, MN, on behalf of Defendant.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Mohamed Salah Hussein's ("Hussein") Objection [Docket No. 52] to Magistrate Judge Becky R. Thorson's October 21, 2020 Report and Recommendation [Docket No. 51] ("R&R"). In the R&R, Judge Thorson recommends denying Hussein's Amended Motion to Suppress Evidence Obtained as a Result of Search and Seizure-Multiple Warrants [Docket No. 40]. After a de novo review of the record, and for the reasons stated below, Hussein's Objection is overruled.

## II. BACKGROUND[1]

Hussein is charged with one count of conspiracy to distribute and possess with intent to distribute fentanyl, and two counts of possession with intent to distribute controlled substances.

---

[1] The factual background of this case is more fully set forth in the R&R and is incorporated by reference.

Indictment [Docket No. 22].  He moves to suppress all evidence obtained from the search of his black Toyota Camry pursuant to a search warrant.  Hussein argues the search warrant "was issued without a sufficient showing of probable cause in the supporting application."  Am. Mot. Suppress [Docket No. 40] at 1; Order [Docket No. 45] at 4–5.

The application supporting the search warrant for Hussein's car was drafted by Lakeville Police Officer Alex Johannes, a full time agent on Dakota County's Drug Task Force.  Gov't Hr'g Ex. 1 at 00003846.  In the application, Officer Johannes stated that on November 2, 2019, he and other officers executed a search warrant for a residence in Savage, Minnesota and found a large quantity of OxyContin inside the residence.  Id.  While the warrant was being executed, Hussein and another man arrived in Hussein's black Camry.  Id.  Hussein remained in the driver's seat while his passenger entered the residence.  Id.  Hussein was then asked to come into the residence "[f]or officer safety considerations and continuation of the investigation," because he had arrived during execution of the warrant.  Id.

Officer Johannes further stated that in his experience, "often times after a large amount of narcotics are received they are often quickly sold."  Id. at 00003847.  Due to the large amount of drugs found at the residence and the arrival of Hussein and his passenger, a police detective and his drug-detecting dog who were already on the scene conducted a dog sniff on the Camry.  Id.  The dog had been certified by the United States Police Canine Association and the National Police Canine Association since October 2017 to detect controlled substances.  Id.  The dog alerted to the presence of a narcotic odor on Hussein's car.  Id.  Officers requested Hussein's consent to search the car, but he declined.  Id.

The Camry was seized without being searched, and a search warrant was obtained for the

car later in the day on November 2, 2019.  Id. at 00003847, 00003850–52.  The warrant, executed on November 4, 2019, revealed a loaded handgun, ammunition, and a wallet with documents.  Id. at 00003853–55.

On July 15, 2020, Hussein filed this Amended Motion to Suppress, asserting that the search warrant for his car was not supported by probable cause.  See Am. Mot. at 1–2.  Prior to the hearing on the Amended Motion, Judge Thorsen issued an order requiring Hussein's counsel to clarify the scope of the Amended Motion and to confirm whether the Amended Motion sought a four-corners review of the probable cause set forth in the search warrant application, "or some other challenge."  See Order [Docket No. 43].  On July 21, 2020, Hussein's counsel informed the Court by email that Hussein sought only to challenge probable cause for the search warrant based on a four-corners review, and that no witness testimony was needed regarding the Amended Motion.  R&R at 4.  Hussein's counsel reiterated this position at the July 23, 2020 hearing on the Amended Motion.  See Order [Docket No. 45] at 4–5.

On October 21, 2020, Judge Thorsen issued the R&R recommending that the Amended Motion be denied.  The R&R found that the information in the search warrant application was sufficient to establish probable cause.  The R&R further found that even if probable cause had been lacking, the evidence is still admissible under the good-faith doctrine in United States v. Leon, 468 U.S. 897 (1984).

The R&R rejected Hussein's argument that the search warrant was defective because it relied on an allegedly unconstitutional search—namely, the dog sniff of his car.  The R&R noted that Hussein's Amended Motion was limited to a probable cause challenge to the search warrant for the Camry, and that only the information found within the four corners of the search warrant

3

application could be considered.  R&R at 6–7.  The R&R further stated that if Hussein had challenged the constitutionality of his detention during the search of the Savage residence or the dog sniff of his car, the Government would have been permitted to call witnesses and submit other evidence at the July 23, 2020 motions hearing.  Id. at 7.  The R&R instructed that "[i]f Defendant now intends to pursue a motion regarding his detention during the search [of the Savage residence] or the dog sniff of the Toyota Camry, he must file a proper motion pursuant to the Local Rules prior to the expiration period of this Report and Recommendation so that the Court may consider whether a new or reopened motions hearing, and briefing on such motions, is warranted.  Id. at 7.  Hussein has not filed a motion challenging his detention or the dog sniff of his car.

On November 4, 2020, Hussein filed this Objection.  He argues that the search warrant was invalid because the dog sniff that was referenced in the search warrant application was unconstitutional.  Hussein contends that "[l]aw enforcement needed a warrant to search Defendant's vehicle in the first instance with the dog," and that "[w]ithout the dog sniff, the search warrant cannot establish probable cause to search the Defendant's vehicle."  Obj. at 4.

### III.  DISCUSSION

A district judge may refer a defendant's motion to suppress evidence to a magistrate judge for recommendation.  Fed. R. Crim. P. 59(b)(1).  The district judge must make an independent, de novo determination of those portions of the report and recommendation to which a party objects.  Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b)(3).

Hussein objects to the R&R's finding that the search warrant was supported by probable cause.  Probable cause exists where there is a "fair probability that contraband or evidence of a

crime will be found in a particular place given the circumstances set forth in the affidavit." United States v. Tellez, 217 F.3d 547, 549 (8th Cir. 2000). "When the issuing judge relied solely upon the supporting affidavit to issue the search warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." United States v. O'Dell, 766 F.3d 870, 874 (8th Cir. 2014). "[G]reat deference" is accorded "to the judicial officer's initial, on-the-scene determination that probable cause has been established." United States v. Colbert, 605 F.3d 573, 576 (8th Cir. 2010); United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995).

Hussein argues that probable cause was lacking because the search warrant application failed to connect Hussein to the unlawful activity that Officer Johannes was investigating. He contends that his "fortuitous appearance" at the Savage residence while the residence was being searched does not establish a connection, and that the judge that issued the warrant "overly relied on a dog sniff that was an illegal search." Obj. at 3.

This argument lacks merit because Hussein never filed a motion challenging the legality of the dog sniff. Had he done so, Judge Thorson could have reopened the motions hearing to allow the parties to call witnesses and submit other evidence regarding the circumstances of the dog sniff. See R&R at 7. Instead of filing such a motion, Hussein jumps to the conclusion that the dog sniff was unconstitutional, and that without the dog sniff the search warrant application lacks probable cause. Hussein's argument exceeds the scope of his probable cause challenge.

With respect to the probable cause challenge, the Court agrees with the conclusion in the R&R that the positive alert by the dog, along with the other factors articulated in the warrant application, provided probable cause to search Hussein's car. See R&R at 8–10. Additionally,

even if probable cause did not exist, the evidence is admissible under the good-faith exception articulated in United States v. Leon, 468 U.S. 897.  "Under the Leon good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007).  As noted in the R&R, "Defendant does not allege, nor is there anything to suggest, that the officers' reliance on the search warrant at issue was not in good faith, nor is there evidence demonstrating that the officers' reliance on the warrant was unreasonable.  Accordingly, . . . the good-faith exception would apply to the warrant, and the evidence seized as a result of its execution should not be suppressed."  R&R at 11.  Hussein does not challenge this conclusion, and the Court agrees that the Leon good-faith exception would apply to the warrant.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Mohamed Salah Hussein's Objection [Docket No. 52] to Magistrate Judge Becky R. Thorson's October 21, 2020 Report and Recommendation is **OVERRULED**;

2. The Report and Recommendation [Docket No. 51] is **ADOPTED**; and

3. Hussein's Amended Motion to Suppress Evidence Obtained as a Result of Search and Seizure-Multiple Warrants [Docket No. 40]is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT COURT

Dated:  December 11, 2020